**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4652**

———————

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

MARVIN FITZGERALD OUTING,

                   Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Frank D. Whitney,
District Judge.  (3:06-cr-00102-FDW-1)

———————

Submitted: April 13, 2009          Decided:  May 4, 2009

———————

Before KING, SHEDD, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Haakon Thorsen, Charlotte, North Carolina, for Appellant. Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Fitzgerald Outing pleaded guilty to possession of a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g) (2006). Outing was sentenced to 118 months' imprisonment and now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Outing has filed a pro se brief raising additional issues. We affirm.

In the Anders brief, counsel first questions whether Outing's guilty plea was voluntary because Outing claims his previous attorney intimidated him into pleading guilty. Our review of the transcript of the hearing pursuant to Fed. R. Crim. P. 11 discloses that Outing voluntarily entered his plea, and his post-plea assertions to the contrary do not overcome the sworn statements he made at the plea hearing. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Counsel next questions whether the district court erred in applying a four-level enhancement pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(6) (2006). Our review of the record discloses no error. Finally, counsel questions whether the district court erred in failing to order a hearing inquiring into Outing's competency to be sentenced. The record reveals that the district court committed no error in concluding that there was no reasonable cause to

2

order such a hearing. See 18 U.S.C. § 4244(a) (2006) (providing standard).

The claims raised in Outing's pro se brief lack merit. First, his claim that counsel was ineffective is not cognizable on direct appeal because ineffectiveness does not conclusively appear on the face of the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Second, Outing's claims of prosecutorial misconduct are based on his own misapprehension of the facts and law and are likewise without merit.

We have examined the entire record in this case in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm Outing's conviction and sentence. We deny Outing's motion to appoint new counsel, for an extension of time to file a pro se supplemental brief as moot, and for copies of the sentencing transcript. This court requires that counsel inform Outing, in writing, of the right to petition the Supreme Court of the United States for further review. If Outing requests that petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Outing. We dispense with oral argument because the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED